Frazier, J.
The questions to be decided in this case arise upon a motion to dissolve a temporary injunction heretofore allowed, which motion is presented by the defendant, Bohn; also upon a demurrer to the petition presented by the county commissioners.
Both the demurrer and the motion to dissolve admit the truth of the allegations of the petition that are well pleaded, i. e., for the purposes of this case, but that the facts stated in the petition do not warrant the relief prayed for, by way of an injunction, nor entitle the plaintiff to the remedy against the county. I need not repeat the allegations of this petition. Counsel are familiar with them.
*178 Counsel for Bohn & Kern urge that the remedy at law is adequate and that there is no place here for a temporary injunction. They assert that a recovery by way of damages would be adequate.
The prosecuting attorney, representing the county commissioners, urges that no cause of action is stated in this petition against the commissioners.
Now what is the theory of this action? I think there is some misconception about it. I conceive the theory of this action to be an action to enforce a constructive trust. By the terms and allegations of the petition, an agent was employed to purchase certain property for his principal, and has taken a contract in his own name and acquired property rights thereunder, and the principal is now here seeking to have this contract and the rights thereunder transferred to it.
As I have said, this is an action to establish a constructive trust growing out of a fiduciary relationship (and the relation of principal and agent is always a fiduciary one).
The prayer of this petition may have misled counsel; and I will read the substance of it. First, the prayer is that a restraining order be allowed against the defendants, Bohn & Kern, from transferring any rights under this contract or from selling or transferring the contract itself, and that the plaintiff, on final hearing, may be deemed to be the true owner of the contract for the purchase of the superstructure aforesaid, and that the county commissioners of Muskingum county, Ohio, may be ordered and directed to correct their records so as to show the true facts, and be orderd and directed to enter into a written contract with this plaintiff, etc. There is also a prayer that the plaintiff be awarded damages in the sum of $2,000.
Assuming that the allegations of this petition that are well pleaded are true, Bohn was agent of the plaintiff, authorized by the plaintiff to enter into a contract not to exceed a certain sum, for the purchase of this superstructure, and the allegations of the petition are that Bohn, in violation of his relationship and the duties thereby imposed upon him, took this contract to himself.
*179 Upon that state of facts, without anything else being shown,. I think the law, under the' authorities, clearly raises what is termed a constructive trust, independent of any question of fraud.
The first view I had about this case was tha,t the sale of this superstructure, under our statutes, was illegal, for the reason that the county commissioners had not proceeded in a proper way, but it seems, after an examination of the statutes, that the court was wrong as to that theory. ' The prosecuting attorney has said to the court here in his argument, that there is no statute preventing the sale by the county commissioners, at private sale, of property owned by the county. I have no doubt that is true. Counsel for the plaintiff have stated that there seems to be no statute governing the sale of county property, property owned by the county, by the commissioners, at private sale. As I have said, the authorities are clear that, under the circumstances, a constructive trust arises.
In 1 A. & E. Ency., 1st Ed., p. 378:
“An agent with power to buy may not purchase for himself. A purchase by an agent in his own name in matters within the purpose of his agency, creates a constructive trust for his principal.”
As I have said, the. allegations of this petition are that B.ohn was the agent of the plaintiff in this matter, and his compensation had been agreed upon, and the things that he was to do are set out in this petition. Again, in 1 A. & E. Ency., 2d Ed., p. 1082:
“An agent to purchase will not be allowed, without the intelligent assent of the principal, to purchase for himself and hold property in his own name, unless-he has openly and notoriously discharged himself from his agency, and a purchase in his own name will be regarded as made on behalf of his principal, for whom he will be considered a trustee. ’ ’ And a great many other authorities are cited.
In 31 Cyc., cited in the argument this morning, the following is found:
“Likewise an agent must not, without his principal’s full knowledge and consent, purchase for himself property which *180 he is employed to purchase for his principal. If he does so, it is a breach of faith, and he will be regarded as holding the property so purchased, or the proceeds thereof, in trust for his principal, although he contributes his own funds to the purchase, and he may be compelled to convey the property to his principal upon being reimbursed and upon his principal’s complying with the contract of purchase.”
I have examined a number of other authorities, in addition to those cited. In 67 Atlantic, 999, Bergner v. Bergner, the second paragraph of the syllabus is as follows:
“Where an agent to purchase purchases for himself, he acquires nothing thereby, though he contributes his own means to effect it, and the product will belong to his principal.”
In this ease, a son was acting as agent for his mother, who had furnished him money with which to buy certain stock. Out of his own funds he bought certain other stock, and the mother instituted the suit against him to have the stock transferred to her, on the ground that he was acting as her agent. The decree of the lower court was that the defendant be ordered and directed to assign all of the stock to the complainant and to account to her for the dividends received; and the court of appeals, in passing upon the matter, say:
“An agent to purchase will not be allowed to purchase for himself and to hold the property in his own name, unless he has openly and notoriously discharged himself from his agency.” Citing the authority that I have already cited in the 1st A. & E. Ency., 2 Ed., p. 1082.
In 52 Atlantic, p. 197, will be found a case in which an agent was instructed to buy certain property at an attachment sale, and he was authorized to bid as high as $900 for the property. He did not attend the sale, but he got somebody else to go and attend the sale and bid $800, and he got the property. Thereupon, he turned around and sold it to the agent, and the principal brought an action against the agent, and it was decreed that the agent, under those circumstances, held this property in trust for the principal. I will not take time to further comment upon the ease, but the principles already announced were applied in the case.
*181 Again, in 24 N. E. R., 827, Edwards v. Dooley:
“Where an agent purchases in his own name, with trust funds, the very property which his principal authorized him to purchase, the title is in the principal as soon as the purchase is made, and such title is not affected by the fact that the agent used the money furnished for his own use and purchased the property with money derived from other sources.”
This was a case of the purchase of personal property — a lot of hides. It is a New York case.
Under these cases, therefore, the law seems to be well settled, and following out the lines of these cases, assuming the' facts in this petition to be true, plaintiff would have the right to be decreed the benefits of this contract, to have this contract assigned to him, and a decree providing that this property that was acquired under this contract be held in trust.
In this view, the other parties to the suit are not only proper parties but necessary parties here.
The averments of this petition are that this contract was not yet completed, that nothing but a cheek for $500 had been delivered, that the balance of the purchase price had not yet been paid. Therefore, the county commissioners would be proper parties here, because they are a party to the contract which this plaintiff is seeking to complete and to have transferred to itself, with the rights arising thereunder. Plaintiff would also have the remedial right, by way of injunction, to prevent a transfer of the property. That doctrine is stated in the ease cited this morning, found in 5 L. R. A., 1173. I need not repeat that ease. There are two cases there to the same effect.
Another principle is involved here. It is a well settled principle of the law of agency' that an undisclosed principal may sue a third party on contracts made by his agent when he discovers him, and the converse of this proposition is true. A third party making a contract with an agent for an undisclosed principal may sue that principal when he discovers him. So here, assuming the allegation to be true, if in fact Bohn made the purchase for this plaintiff, though undisclosed, these commissioners here would have the right to enforce this contract against *182 the undisclosed principal. There can be no question about that.
As I have said, the averments are .that this contract has not yet been completed, that nothing but a. $500 check has so far been turned over to the commissioners. It was stated here this morning that this contract had been completed and payment fully made by Bohn & Kern to the commissioners. Of course, the court can not take notice of that, and cah only note what is alleged here in this petition; but there is a feature of this case to which no consideration was given in argument, at least, as I recall it.
It is laid down here in the authorities cited this morning, and which I have already read, that the agent may be compelled to convey the property to his principal on being reimbursed.
If this principal here seeks the benefit of an uncompleted contract, it seems to me there should have been an allegation in plaintiff’s petition of tender and offer to complete the contract. It is asked in the prayer that the county commisssioners -be ordered to accept from this plaintiff the sum of $4,275 for the purchase of the superstructure as aforesaid; but in my judgment that does not go far enough. A tender should have been 'made to the county commissioners of the full amount of this purchase price, or any balance that was due upon it. No tender is alleged here and none is urged to have been kept up in court. Now if it be true that Bohn & Kern have paid this purchase price, then a tender should be made to Bohn & Kern, because the authorities are .clearly to the effect that upon being reimbursed the agent may be compelled to assign the contract and the benefits arising thereunder.
It may be that at the time this petition was drawn it was not known just what the facts were about that. I do not know how that is. I do know that it was stated here this morning that payment in full had been made upon this contract. Viewing case as a purely equitable action, I think that a good cause of action is stated here, especially if tender should be made to these commissioners, if they have not been paid in full, or to the proper party. I do not know who the proper party would be to whom to make the tender. Bohn would be entitled to his *183 compensation and a tender of it. In other words, this plaintiff can not have the benefit of this contract, unless it tenders to the county the amount yet due upon the contract or to Bohn & Kern the amount they have advanced on the contract, together with their compensation, because he who seeks equity must do equity.
If such an amendment were made here to this petition (and I will grant that leave, because I think it would be in the interest of justice), construing this petition in this light, the court will overrule this demurrer and this motion; but if no tender is made and no amendment filed here setting up that such tender has been made as I have suggested, then the court will, at a later day, sustain both this demurrer and this motion.